# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN LAMER, ) <br> K71383 ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TED HOLDER, ) <br> JOHN KONNEMAN, ) <br> PATRICK MCCOY ) <br> MASSAC COUNTY and ) <br> PATRICK WINDHORST, ) <br> ) <br>     Defendants. ) | Case No. 18-cv–1706-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Justin Lamer, an inmate of the Illinois Department of Corrections ("IDOC") currently being held in Kentucky, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the original Complaint (Doc. 1), Plaintiff asserted claims against Massac County, Ted Holder, John Konneman, and Patrick McCoy, related to injuries he received from a cellmate while a detainee in Massac County Jail. He subsequently submitted a Motion for Leave to Amend (Doc. 6), which was denied for failure to submit a proposed complaint (Doc. 7). Plaintiff nevertheless filed an Amended Complaint, attempting to add Patrick Windhorst, Massac County's State's Attorney. (Doc. 9).

Plaintiff's Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a

1

Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

A Complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim must cross "the line between possibility and plausibility." *Id*. at 557. On screening, the Court accepts as true all of the well-pleaded facts in the Amended Complaint and draws all reasonable inferences in favor of Plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The factual allegations of a *pro se* Complaint are liberally construed at this phase of litigation. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

Plaintiff makes the following allegations in his original Complaint (Doc. 1) and Amended Complaint (Doc. 9):[1] Ted Holder is the Massac County Sheriff, John Konneman is the Massac County Jail ("Jail") Administrator, and Patrick McCoy is an officer at the Jail. (Doc. 1, pp. 2, 4). On September 19, 2016, Plaintiff was housed in the Jail, sharing a cell with detainee Gerald Moore. (Doc. 1, p. 4). There was conflict between Plaintiff and Moore, and Plaintiff told McCoy that he no longer felt safe and asked that they be separated. *Id.*, pp. 4, 11. McCoy responded that he "wasn't doing somebody else's job, and that he didn't care[,]" and left. *Id.*, pp. 4, 6, 11.

---

[1] Normally, an Amended Complaint supersedes and replaces the original Complaint and renders the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n.1 (7th Cir. 2004). However, as a *pro se* litigant, Plaintiff will be afforded some latitude in this regard, and the Court will consider the allegations in both documents. *See Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018).

Moore later attacked Plaintiff with an improvised weapon, injuring Plaintiff. *Id.*, pp. 6, 12. Plaintiff arrived at the hospital approximately 45 minutes later, where he received six staples and four stitches. *Id.,* pp. 7, 9. He did not receive any medication when he returned to the Jail. The Nurse Practitioner did not come to take his staples and stitches out until four weeks later, although the hospital stated they should be removed after 7-10 days. *Id.*, pp. 9, 13-14, 25. Moore was not placed in segregation for the incident, nor was he charged with an additional crime by the State's Attorney, Patrick Windhorst. *Id.*, pp. 5. 14, Doc. 9, p. 6.

Based on the allegations of the original Complaint and the Amended Complaint, the Court finds it convenient to divide the *pro se* action into four Counts.[2] the parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.

> **Count 1 –** **A Fourteenth Amendment claim against Patrick McCoy for failure to protect Plaintiff from detainee Moore after Plaintiff reported feeling unsafe.**
>
> **Count 2 –** **A Fourteenth Amendment claim against John Konneman and Ted Holder for failing to discipline McCoy or place Moore in segregation following the incident.**
>
> **Count 3 –** **A Fourteenth Amendment claim against Patrick Windhorst for failing to bring charges against Moore for the incident.**
>
> **Count 4 –** **A Fourteenth Amendment claim against Defendants for deliberate indifference to a serious medical need.**

---

[2] It is unclear whether Plaintiff was a pretrial detainee, was a convict awaiting transfer or held some other status at that time of the incident, so the Court will apply the more generous Fourteenth Amendment standard (rather than the Eighth Amendment standard) for purposes of this Order. This classification is subject to change based on additional information regarding Plaintiff's legal status while detained at the Jail.

## Discussion

### Count 1

Plaintiff has stated a colorable failure to protect claim against McCoy. The Constitution requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). This includes reasonable steps to "protect prisoners from violence at the hands of other prisoners." *Id.* at 833.

Assuming Plaintiff was a pretrial detainee, he was entitled to broader protections under the Fourteenth Amendment than those afforded under the Eighth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). Under this standard, a viable failure to protect claim for a pretrial detainee requires that (1) the defendant acted purposefully, knowingly, or recklessly when they considered the consequences of their handling of a plaintiff's situation, and (2) the challenged conduct was objectively unreasonable. *McCann*, 909 F. 3d at 886. A detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Miranda*, 900 F.3d at 353 (citations omitted).

Here, Plaintiff has sufficiently pled a claim against McCoy. He alleges he spoke with McCoy and informed him that he did not feel safe in the cell with Moore. Plaintiff has also pled facts sufficient to raise an inference that there was a substantial risk of harm in remaining in the cell. In the face of such information, McCoy allegedly refused to move either Plaintiff or Moore and failed to take any other actions to prevent a potential assault. These allegations are sufficient to state a failure to protect claim against McCoy. Accordingly, Count 1 survives screening.

**Count 2**

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). There is no recognized constitutional right of an individual to have a jail officer disciplined.

Plaintiff does not allege that the failure to discipline McCoy or other jail officers was a pattern or practice that was a moving force behind the failure to protect him from Moore. *c.f. Spearman v. Elizondo*, 230 F. Supp. 3d 888, 892 (N.D. Ill. 2016) (finding that plaintiff adequately alleged that a police department's "code of silence" and refusal to discipline officers in prior incidents encouraged or emboldened officers to carry out searches like the one at issue in reckless manner). Instead, he faults Holder and Konneman for failing to take action against McCoy *after* this specific incident, which would have done nothing to prevent it or lessen the severity of the consequences. Therefore, dismissal of this claim is appropriate.

Similarly, no constitutional right is implicated by any decision by Konneman or Holder not to place Moore in segregation or to otherwise punish him following the attack as Plaintiff does not allege that the decision not to place Moore in segregation exposed him to additional harm. Count 2 will therefore dismissed in its entirety.

**Count 3**

Plaintiff alleges that Windhorst is liable for failing to file charges against Moore regarding the incident. The decision not to charge Moore with a crime is not subject to suit. "In our criminal justice system, the Government retains broad discretion as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985). "Under Illinois law, the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the

initiation and management of a criminal prosecution. This discretion also encompasses the determination of which charges will be brought." *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) (citations omitted). A prosecutor is entitled to absolute immunity in deciding to charge (or not charge) an individual. *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000) (citations omitted). Therefore, Count 3 must be dismissed.

## Count 4

Finally, Plaintiff claims he did not receive any medication on his return to the Jail and that his staples and sutures were left in for an excessively long period. The Court construes these allegations as a claim for deliberate indifference to serious medical needs. As previously noted, a Fourteenth Amendment claim for deliberate indifference requires a showing that the defendant acted purposefully, knowingly, or recklessly, and that the challenged conduct was objectively unreasonable. *McCann*, 909 F. 3d at 886.

Here, Plaintiff does not identify any individual who knew or should have known that he was not receiving adequate medical treatment. There are no facts pled to suggest that any of the named defendants had reason to know that he had not received medication after he came back from the hospital or that the sutures and staples were overdue to be removed. Nor is there an allegation that the Nurse Practitioner who eventually did come to remove the sutures and staples had reason to know. Therefore, Plaintiff has failed to adequately plead a deliberate indifference to medical needs claim under Section 1983, and Count 4 will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed as to Defendant Patrick McCoy.

**IT IS FURTHER ORDERED** that **COUNTS 2, 3 and 4** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate John Konneman, Ted Holder and Massac County[3] as defendants in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Patrick McCoy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

---

[3] Despite being named in the caption of the case, there are no claims which appear to be asserted against Massac County itself. Massac County is therefore only properly a party to the case as long as Holder is being sued in his official capacity because in Illinois a county is "a necessary party in any suit seeking damages" from an independently elected county officer such as a sheriff. *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 636 (7th Cir. 2009) (quotation omitted). The same is not true of McCoy, as counties are not necessary parties for such claims against deputies. *Askew* 568 F.3d at 637. Because Sheriff Holder is being dismissed as a party and there are no independent claims against Massac County, it is appropriate to dismiss Massac County as well.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: February 11, 2019**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the

Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**