IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIN LAMER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:18-CV-01706 -MAB |
| ) | |
| **TED HOLDER, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Plaintiff Justin Lamer's motion for summary judgment (Doc. 39). For the reasons set forth below, the motion will be **DENIED**.

## BACKGROUND

Plaintiff filed his complaint on September 11, 2018 alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). Specifically, Plaintiff alleged that while he was detained at the Massac County Jail ("Massac"), Plaintiff was involved in a conflict with his cellmate, Gerald Moore. Plaintiff contends that he alerted jail officials to his fear for his safety, including Defendant Patrick McCoy (an officer at Massac), and these officials did not come to his aid (Doc. 12, p. 2). Plaintiff alleges that after telling jail officials about this conflict, Moore attacked Plaintiff with an improvised weapon and Plaintiff had to be taken to a nearby hospital where he received six staples and four stitches (*Id.* at 3). After a threshold review pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on one count, a Fourteenth Amendment claim against Patrick

McCoy for failure to protect Plaintiff from detainee Moore after Plaintiff reported feeling unsafe (Doc. 12). Plaintiff filed his motion for summary judgment on February 13, 2020 (Doc. 39). Defendant McCoy filed his response on March 13, 2020 (Doc. 42) and Plaintiff filed a reply brief on March 25, 2020 (Doc. 45).

## DISCUSSION

> On summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. Rather, the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. [The court] must look therefore at the evidence as a jury might, construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true. As we have said many times, summary judgment cannot be used to resolve swearing contests between litigants.

*Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citations and internal quotations marks omitted).

The constitutional rights of pretrial detainees are "derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015)(citations omitted). Pretrial detainees are to remain free from "punishment," while prisoners are "entitled to be free from conditions that constitute 'cruel and unusual punishment.'" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) and *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). As a pretrial detainee, Plaintiff was entitled to broader protections under the Fourteenth Amendment than those afforded under the Eighth Amendment. *See Miranda v. Cty. of Lake,* 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson,* 135 S.Ct.

2466 (2015)).

A viable failure to protect claim for a pretrial detainee requires that (1) the defendant acted purposefully, knowingly, or recklessly when they considered the consequences of their handling of a plaintiff's situation, and (2) the challenged conduct was objectively unreasonable. *McCann v. Ogle Co., Ill.*, 909 F. 3d 881, 886 (7th Cir. 2018). A detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Miranda*, 900 F.3d at 353 (citations omitted). *See also Hardeman v. Curran*, 933 F.3d 816, 826-827 (7th Cir. 2019). In order to prevail on a failure to protect claim, Plaintiff must show that Defendant McCoy's conduct was objectively unreasonable. *Miranda,* 900 F.3d at 352-53. In other words, Plaintiff must show that Defendant McCoy acted intentionally or recklessly as he "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Id.*

Plaintiff describes asking Defendant McCoy to separate him from his cellmate ahead of the attack (Doc. 39, pp. 2-3). Specifically, Plaintiff disclosed to Defendant McCoy that he was "in fear of his life and safety" (Doc. 39, p. 3). Plaintiff alleges that Defendant McCoy refused to move him and told him "he wasn't going to do someone else's job" since two other officers had failed to show up for work. *Id.* To support this version of the facts, Plaintiff includes his own declaration (Doc. 39, pp. 11-13) and the affidavit of a fellow detainee, who states that he witnessed Defendant McCoy refuse to help Plaintiff after being notified of Plaintiff's concerns regarding his cellmate prior to the attack (Doc. 39, p. 14). Also included with his motion is a statement written by Defendant McCoy,

dated September 20, 2016, in which he describes arriving to Plaintiff's cell after the attack already occurred (Doc. 39, p. 15). He does not mention being notified about Plaintiff's concerns before the attack. *Id.*

In his response, Defendant McCoy denies being informed of a conflict between Plaintiff and his cellmate or any fears Plaintiff had regarding his cellmate prior to the attack (Doc. 42, p. 2). Defendant McCoy includes a declaration, sworn under penalty of perjury, that prior to arriving at Plaintiff's cell after the attack, he was unaware of conflicts between Plaintiff and his cellmate; had not been informed by Plaintiff that he feared for his safety; and had not been asked to separate plaintiff and his cellmate (Doc. 42-1, p. 2). This declaration, Defendant McCoy argues, is consistent with his answers to Plaintiff's second set of interrogatories (Doc. 42-2).

With the conflicting arguments and the parties' two versions of the facts, Plaintiff is, essentially, asking the Court to make credibility determinations and decide whose story to believe, as well as to decide what inferences to draw from the facts. But the Court cannot make these determinations at the summary judgment phase; they must be made by the jury. Simply put, Defendant McCoy has put forth evidence that establishes a genuine issue of fact as to whether his conduct was objectively unreasonable. Consequently, the Court cannot grant Plaintiff's motion for summary judgment.[1]

---

[1] Defendant McCoy also argues that even if Plaintiff is successful in establishing that there are sufficient undisputed facts to meet this objective reasonableness standard, Plaintiff could not be successful in his claims as a whole because Defendant McCoy asserted the affirmative defense of qualified immunity, which generally "protects government agents from liability when their actions do not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 914 (7th Cir. 2011) (citing *Purvis v. Oest*, 614 F.3d 713, 720 (7th Cir. 2010)).

## CONCLUSION

Plaintiff's motion for summary judgment (Doc. 39) is **DENIED**. Defendant McCoy's request for costs is also **DENIED** (Doc. 42, p. 7).[2] The Court will set this matter for a status conference in the near future to discuss the utility of scheduling a mediation and a final pretrial conference and jury trial will be set by separate order.

**IT IS SO ORDERED.**

**DATED: October 20, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

*See also* Doc. 42, p. 5. Plaintiff would have to show that the facts demonstrate "a violation of a constitutional right," and that the "constitutional right was clearly established at the time of the alleged violation." *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019) (quoting *Gill v. City of Milwaukee*, 850 F.3d 335, 340 (7th Cir. 2017)). In Plaintiff's reply brief, he outlines that, at trial, he will prove that this defense does not apply (Doc. 45).

[2] Defendant McCoy contends that Plaintiff's motion for summary judgment is "frivolous" and filed "despite plaintiff's knowledge that the material facts on which it is based are disputed" (Doc. 42, p. 7). Defendant McCoy then asks for costs to be awarded to Defendant. As Defendant does not support this argument with any authority, the request is denied.